# UNITED STATES DISTRICT COURT
# EASTERN DISTICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **DANA ELLIS**, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**PEMC, LLC,** d/b/a **PLAYER'S GENTLEMEN'S CLUB**, jointly and severally,<br><br>Defendant. | Case No. 2:20-cv-10364 |

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY

Plaintiff, Dana Ellis, individually and on behalf of others similarly situated, brings this class action complaint against PEMC, LLC, d/b/a Player's Gentlemen's Club ("Player's"), a Michigan Corporation, and states as follows:

## INTRODUCTION

1. This is a class action brought by Jane Doe ("Plaintiff") and all others similarly-situated entertainers/dancers who are/were intentionally misclassified by Defendant as independent contractors. Pursuant to this misclassification, Defendant willfully failed to compensate Plaintiff and the putative class members a minimum wage, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and Michigan's Workforce Opportunity Wage Act, MCL

§ 409.411 *et seq.* ("MWOWA"). The class which Plaintiff seeks to represent is comprised of employees who, during the relevant time period, work(ed) as entertainers/dancers for Defendant, who: 1) intentionally misclassified Plaintiff and the putative Class as independent contractors; 2) willfully refused to pay a minimum wage; 3) unlawfully required entertainers/dancers to split their gratuities with Defendant and their employees, such as Bouncers and DJs; and 4) unlawfully deducted entertainers/dancers' wages through rents, fines, and penalties for lateness and misconduct.

2. Plaintiff brings this Collective action against Defendant under the FLSA for failure to pay a minimum wage. Plaintiff, as a Class Representative, also brings this Rule 23 Class Action on behalf of herself and all members of the proposed Class against Defendant, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of Michigan state law, including but not limited to MWOWA.

3. Defendant employed Plaintiff and other similarly situated tipped employees ("entertainers/dancers") but failed to pay them the appropriate minimum wages under FLSA and MWOWA.

4. Defendant willfully failed to pay Plaintiff and the putative Class minimum wages and other benefits that they are entitled to under applicable federal and state laws.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to the FLSA. As such, the Court has original jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1337.

6. The Court has supplemental jurisdiction of Plaintiff's MWOWA claim pursuant to 28 U.S.C. § 1367 as these claims are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Southern Division of the Eastern District of Michigan.

## PARTIES

8. At all times material hereto, Plaintiff is, and continues to be, a resident of Michigan within the Eastern District of Michigan.

9. At all times material hereto, Defendant PEMC, LLC, d/b/a Player's Gentlemen's Club, is a limited liability company, licensed to and conducts business in the state of Michigan, and at all material times during Plaintiff's employment, was an employer defined by 29 U.S.C. § 203.

10. Defendant has been an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA and MWOWA's regulations on minimum wage.

11. Upon information and belief, at all times material hereto, Defendant PEMC, LLC, d/b/a Player's Gentlemen's Club is a Michigan limited liability company, with its registered office located in Detroit, Michigan.

12. Defendant owns and operates the strip club called "Player's Gentlemen's Club" in Detroit, Wayne County, Michigan.

13. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and MWOWA.

14. At all times material hereto, Plaintiff was employed as an entertainer/dancer for Defendant from approximately 2011 to June 2019 as a tipped entertainer/dancer for Defendant in its club located in Detroit, Michigan.

15. Plaintiff's consent to file this action pursuant to 29 U.S.C. 216(b) is attached as **Exhibit A** to this Complaint.

16. The Putative Class Members who may join this action are all of Defendant's current and former entertainers/dancers who work/worked for Defendant at any time during the three years prior to the filing of this Complaint up to the present.

17. At all times relevant to this Complaint, Defendant owned and operated Player's Gentlemen's Club, a strip club that engages in the business of entertaining its patrons with nude and/or semi-nude dancing, food and alcohol.

## FACTUAL ALLEGATIONS

18. Defendant employs entertainers/dancers at Player's Gentlemen's Club.

19. Defendant has classified all of its entertainers/dancers, including Plaintiff, as "independent contractors."

20. Defendant did/does not require its entertainers/dancers to have any specialized training or background.

21. Defendant established specific work schedules for entertainers/dancers.

22. Defendant requires its entertainers/dancers, including Plaintiff, to dance at specified times.

23. Defendant requires its entertainers/dancers, including Plaintiff, to dance in a specified manner on stage and for customers.

24. Defendant regulated its entertainers/dancers' attire and interactions with customer.

25. Defendant requires/required its entertainers/dancers, including Plaintiff, to to attend meetings at Defendant's business.

26. Defendant financed all advertising efforts undertaken on behalf of Player's.

27. Defendant required its entertainers/dancers, including Plaintiff, to pay

5

a specific amount, often referred to as a "house fee" or a "bar fee" in order to work on any given shift.

28. Defendant's entertainers/dancers, including Plaintiff, are/were required to pay a late fee if they arrived late to work.

29. Defendant's entertainers/dancers, including Plaintiff, are/were prohibited from smoking with customers.

30. Defendant's entertainers/dancers, including Plaintiff, were required to pay a fee if they worked less than three days in a given workweek.

31. Defendant misclassified its entertainers/dancers as independent contractors, and requires/required them to pay to work.

32. The entertainers/dancers receive no wage payments from Defendant, but instead only receive gratuities from customers.

33. Entertainers/dancers, including Plaintiff are required to share tips with others, including employees who do not regularly or customarily receive tips; such as Bouncers and/or Disc Jockeys.

34. In addition, Defendant requires its entertainers/dancers, including Plaintiff, to share their tips even though Defendant does not provide its entertainers/dancers with notice of the tip credit provisions.

35. Moreover, while the maximum tip credit an employer can take under Michigan law is $3.59 per hour, Defendant failed to pay its entertainers/dancers

6

any wages.

36. Defendant's practices result in entertainers/dancers making less than minimum wage, in violation of federal and state laws.

37. The specific amount entertainers/dancers, including Plaintiff, were required to pay has varied over the last three years, but has generally been at least $100 per shift.

38. Entertainers/dancers often are/were required to pay as much as $150 per shift.

39. Defendant has also required its entertainers/dancers, including Plaintiff, to pay a specific amount to their "house mom," regardless of whether such entertainers/dancers utilized the house mom's services ranging from $20 to $50 per shift.

40. If entertainers/dancers were late for work or were deemed to have violated any of Player's rules, they were charged additional fees or "fines" from $20 to $40 per shift.

41. Entertainers/dancers also paid security approximately $20-$40 per shift as well.

42. Entertainers/dancers were required to pay the DJ $20 per shift as well.

43. Plaintiff was subjected to these charges.

44. Plaintiff did not agree with these charges.

45. Each of the fees described in Paragraphs 37-40 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act.

46. Defendant has never paid entertainers/dancers any compensation as wages. Instead, entertainers/dancers' source of work-related income is gratuities they receive from customers.

47. Defendant knew, or showed reckless disregard for the fact that it misclassified its entertainers/dancers, including Plaintiff, as independent contractors, and failed to pay these entertainers/dancers the minimum wage.

## RULE 23 CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) on their own behalf and on behalf of:

**All current and former entertainers/dancers who worked for Defendant at any time during the last three years in the State of Michigan.**

(Hereinafter referred to as the "Rule 23 Class"). Plaintiff reserves the right to amend this definition if necessary.

49. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Rule 23 Class members should be easy to identify from Defendant's payroll and employment records.

50. There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over

any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited, whether Defendant failed to pay Rule 23 Class members the required state minimum wage for all time worked in a workweek.

51. Plaintiff's claims are typical of those of the Rule 23 Class in that they and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendant's common and systematic employment and payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Class members.

52. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and they retained counsel who are qualified and experienced in the prosecution of wage and hour claims. Neither Plaintiff nor her counsel has interest that are contrary to, or conflicting with the interests of the Rule 23 Class.

53. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23

class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

54. The case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case.

55. Because the elements of a Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.,* 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

56. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
## VIOLATION OF 29 U.S.C. § 206

57. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

58. Defendant's practice of paying Plaintiff and Class Members a direct wage at the required minimum wage rate violates the FLSA. *See* 29 U.S.C. § 206.

59. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage

rate are applicable to Defendant or Plaintiff.

## COUNT II
## FAILURE TO PAY MINIMUM WAGES
## IN VIOLATION OF MWOWA (M.C.L. § 408.414)

60. Plaintiff incorporates paragraphs 1 – 56 as if fully set forth herein.

61. The MWOWA requires an employer to pay nonexempt employees at least the state minimum wage for all hours worked.

62. At all relevant times, Defendant failed to pay the required minimum wages to nonexempt employees.

63. Plaintiff and all similarly-situated entertainers/dancers are all nonexempt employees.

64. Defendant's violations of the MWOWA were knowing and willful. Defendant knowingly failed to pay at least the state minimum wage, as a matter of company policy and in flagrant disregard of the MWOWA.

65. The MWOWA, M.C.L. § 408.419, provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages, an equal additional amount as liquidated damages, and attorneys' fees.

66. Plaintiff and those similarly situated employees are/were entitled to be paid at least the Michigan minimum wage for each hour/week worked during employment with Defendant.

67. Plaintiff is also entitled to all of the misappropriated funds, including

all funds that were charged as fees and penalties, and all tips that were taken. Without repayment of such fees, Plaintiff will not have been paid minimum wage.

68. Plaintiff, and those similarly situated employees, was not paid the proper minimum wage, as required by MWOWA.

69. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated employees, has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

70. Plaintiff is entitled to an award of damages in an amount equal to the relevant Michigan Minimum Wage, and an equal amount as liquidated damages.

71. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to the Michigan Workforce Opportunity Wage Act, Public Act 138 of 2014.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court enter the following relief:

a. An Order Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I);

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing

       Plaintiff and her counsel to represent the Class;

c.    An Order compelling Defendant to disclose the names and addresses of all collective action class members, and Rule 23 Class members, and permitting Plaintiff to send notice of this action all those individuals similarly situated, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their right by law to join and participate in this lawsuit;

d.    An Order designating Plaintiff as a representative of the FLSA collective action Class, the Rule 23 Class and undersigned counsel as Class counsel for the same;

e.    An Order declaring that Defendant violated the FLSA and MWOWA and their regulations;

f.    An Order declaring Defendant's violations of the FLSA and MWOWA were willful;

g.    An Order granting judgment in favor of Plaintiff and against Defendant; and awarding Plaintiff, collective action class and the Rule 23 Class the full amount of damages and liquidated damages available by law;

h.    An Order awarding attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

i. An Order declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

k. All unpaid wages at the FLSA mandated minimum wage rate;

l. All unpaid wage at the Michigan mandated minimum wage rate;

o. An equal amount of all owed wages as liquidated damages as allowed under the FLSA and MWOWA;

p. Reasonable attorney's fees, costs and expenses of this action; and

q. Such other relief to which Plaintiff and Class Members may be entitled, that this Honorable Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff reserves their right to and hereby request a trial by jury.

Respectfully submitted,

Dated: February 11, 2020

*/s/Michael N. Hanna*
Michael N. Hanna (P81462)
Haba K. Yono (P81114)
MORGAN & MORGAN, P.A
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 251-1399
mhanna@forthepeople.com
hyono@forthepeople.com

*Attorneys for Plaintiff*